**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| GUY F. MARTIN JR., | | |
| | * | |
| *Plaintiff*, | | |
| | * | |
| v. | | Civil Action No:  CCB 11-3443 |
| | * | |
| MARTIN O'MALLEY, *et al.* | | |
| | * | |
| *Defendant.* | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO DISMISS

Defendants the State of Maryland and Martin O'Malley, Governor of Maryland, by their undersigned attorneys and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss this action with prejudice, for failure to state a claim upon which relief can be granted.

This is now the second time that Mr. Martin has filed a complaint with this Court alleging that 2 U.S.C. § 2, which fixes the composition of the House of Representatives at 435 Members,[1] violates Article I, § 2, of the U.S. Constitution, which specifies that "[t]he Number of Representatives shall not exceed one for every thirty Thousand. . . ."  In his first complaint, Mr. Martin sought an injunction ordering the State's Governor, Legislature, and Board of Elections to redistrict the State to allow for the election of one

---

[1]   2 U.S.C. § 2 was enacted by the Act of August 8, 1911, c. 5, §§ 1, 2, 37 Stat. 13, 14, and is currently reflected in the U.S. Code as having been superseded by 2 U.S.C. §§ 2a and 2b, which establish the process by which the House of Representatives is apportioned among the several states.

representative for every 30,001 Marylanders, for a total of some 192 representatives.  *See*

Exhibit 1 at 2, 3 (Complaint, No. 11-904 (filed April 6, 2011)).   The State moved to

dismiss the complaint on several grounds, including that (a) it is federal law, and not

State action, that mandates the number of representatives to which each state is entitled;

(b) Mr. Martin had not alleged any unlawful conduct on the part of the Governor or the

State of Maryland; and (c) the U.S. Constitution requires that the number of

Representatives "shall not *exceed* one for every thirty Thousand," not that the number of

representatives *shall be* one for every thirty thousand citizens, as Mr. Martin appeared to

believe.  *See* Exhibit 2 (Memorandum of Law in Support of Motion to Dismiss, No. 11-

904 (filed May 5, 2011)).

On October 27, 2011, this Court, Judge Bennett presiding, granted the State's

motion and dismissed Mr. Martin's complaint with prejudice.   *See* Exhibit 3, 4

(Memorandum Opinion and Order, No. 11-904 (Oct. 27, 2011)).   The Court concluded

that Mr. Martin's claim presented "a political question that must be determined by the

legislative and executive branches of government and is not justiciable."  *Id.* at 4.  To the

State's knowledge, Mr. Martin did not appeal the Court's dismissal of his complaint.

Instead of appealing, Mr. Martin filed his present complaint on November 29,

2011, making the same allegations of under-representation that he made in his initial

complaint.[2]  *See* Complaint (ECF Doc. 1).  Mr. Martin continues to believe that 2 U.S.C.

---

[2]     Mr. Martin has filed certificates of service in this matter indicating that he sent
copies of his complaint to the Governor and the Attorney General on November 30, 2011,
and December 2, 2011, respectively, but did so via "first class mail, postage prepaid"—a
manner of service that does not comply with F.R.C.P. 4 or State service provisions.  *See*

§ 2 unconstitutionally limits the size of the House of Representatives to 435 and robs Maryland of the right to have 192 representatives. *Id.* at 2 (both pages "2"). As for relief, Mr. Martin seeks "a halt to the enforcement of 2 USC 2, 2a, & 2b, and all subsequent rulings supporting that statute for the 2012 congressional election in Maryland." *Id.* at 3. As explained in greater detail below, Mr. Martin's complaint must be dismissed for several reasons, including because it is *res judicata*, a non-justiciable political question, and fundamentally misreads the command of Article I, § 2.

## STANDARD

Mr. Martin's complaint "challeng[es] the constitutionality of the apportionment of congressional districts" and is therefore subject to the provisions of 28 U.S.C. § 2284 relating to the creation of a three-judge district court to hear such claims. However, "a single district judge," rather than a three-judge court under 28 U.S.C. § 2284(a), "may dismiss a complaint otherwise subject to § 2284(a) if the judge determines that the constitutional claims are insubstantial in that they are obviously without merit or clearly determined by previous case law." *Duckworth v. State Bd. of Elections*, 213 F.Supp.2d 543, 546 (D. Md. 2002), *aff'd sub nom. Duckworth v. State Admin. Bd. of Election Laws*, 332 F.3d 769 (4th Cir. 2003); *see also Md. Citizens for a Representative General Assembly v. Governor of Maryland*, 429 F.2d 606, 607 (4th Cir. 1970) (affirming

---

ECF Docs. 3, 4; *see also* F.R.C.P. 4(j)(2); Maryland Rule 2-121 (requiring service of initial process by hand delivery or certified mail); Maryland Rule 2-124(k) (service on State officer); *see also* ECF Doc. 2 (Order reminding Mr. Martin of his service obligations). Although Mr. Martin has yet not effectuated the service required by rule, the State moves to dismiss the complaint now in the interest of a speedy resolution of Mr. Martin's complaint.

dismissal by a single federal district judge of reapportionment challenge).  In its most recent opportunity to consider the proper application of the rules governing the appointment of the three-judge court, the Fourth Circuit expressly held that where a plaintiff's "pleadings do not state a claim" upon which relief may be granted within the meaning of Rule 12(b)(6) of the Federal Rules of Civil Procedure, "then by definition they are insubstantial and so properly are subject to dismissal by the district court without convening a three-judge court."  *Duckworth*, 332 F.3d at 772-73 (citing *Simkins v. Gressette*, 631 F.2d 287, 295 (4th Cir. 1980); *see also Fletcher v. Lamone*, No. 11-3220, slip op. at 7, 2011 U.S. Dist. LEXIS 148004 *7 (D. Md., Dec. 23, 2011) (three-judge court concluding in another challenge to Maryland's 2011 congressional redistricting that there is "no material distinction" between the "insubstantiality" standard and the Rule 12(b)(6) standard) (a copy of *Fletcher* is attached hereto as Exhibit 5).

Under the controlling Fourth Circuit precedent announced in *Duckworth*, the single district court judge is called upon to test the substantive merit of the plaintiff's claims by applying the standard of review for a motion to dismiss under Rule 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The "complaint must have sufficient 'heft' in alleging facts so as to state a 'plausible' claim for relief." *Fletcher*, slip op. at 7, 2011 U.S. Dist. LEXIS 148004 *7 (quoting *Twombly*, 550 U.S. at 555).

In addition to determining whether a complaint is insubstantial due to the claims' "lack of substantive merit," a single district judge may also deem a complaint to be insubstantial "because of the absence of federal jurisdiction" or "because injunctive relief is otherwise unavailable." *Simkins*, 631 F.2d at 290; *see id*. at 295-96 (affirming the single district judge's dismissal of a redistricting challenge based on both the claims' lack of substantive merit and the inability to grant the requested injunctive relief without disrupting an impending election).

This Court should decline to convene a three-judge court and should dismiss this case because Mr. Martin's claims are insubstantial and "obviously without merit." *Duckworth*, 213 F.Supp.2d at 546.   Even if all properly pled allegations of fact are assumed to be true, Mr. Martin's most recent complaint does not state a plausible claim for relief under any provision of the U.S. Constitution or applicable statute.

## ARGUMENT

Mr. Martin's complaint should be dismissed for several reasons, some merits-based, some not.   First among the procedural grounds for dismissal is the inescapable conclusion that Mr. Martin's complaint is barred as *res judicata*.   *Res judicata* encompasses two separate principles:   (1) claim preclusion, which "refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit"; and (2) issue preclusion, which "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Migra v. Warren City School Dist. Bd. of Educ.*, 465

U.S. 75, 77 n.1 (1984); *see also Orca Yachts L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002).

The rules of claim preclusion provide that "if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *Orca Yachts*, 287 F.3d at 318 (internal quotation marks omitted). Issue preclusion "applies when the later litigation arises from a different cause of action between the same parties" and bars the re-litigation of those legal and factual issues common to both actions that were "actually and necessarily determined by a court of competent jurisdiction in the first litigation." *Id.* "Thus, while issue preclusion applies only when an issue has been actually litigated, claim preclusion requires only a valid and final judgment." *Id.*

Mr. Martin's claim here is barred by both claim and issue preclusion. Issue preclusion applies because Mr. Martin has already litigated and lost the precise issue he raises here, namely, that 2 U.S.C. § 2 is unconstitutional. Claim preclusion applies because, even if the two sets of claims were not substantively identical—and the State contends that they are—they arise from the same cause of action. Because Mr. Martin could have and should have advanced his present claims in the initial case, the Court's conclusive resolution of that case bars Mr. Martin from re-litigating his claims here.

As the Supreme Court explained in *Astoria Federal Savings and Loan Assn. v. Solimino*, preclusion doctrine is

6

justified on the sound and obvious principle of judicial policy that a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise. To hold otherwise would, as a general matter, impose unjustifiably upon those who have already shouldered their burdens, and drain the resources of an adjudicatory system with disputes resisting resolution.

501 U.S. 104, 107-08 (1991).  Mr. Martin has already once raised, litigated, and lost his claims challenging the constitutionality of the Maryland congressional apportionment and is barred by both issue and claim preclusion from litigating those claims again here.

Even if Mr. Martin's complaint were not *res judicata*, it would still be subject to dismissal for other non-merits-based reasons.  As this Court held in Mr. Martin's earlier case, Mr. Martin's claim that Congress has improperly limited the size of the House of Representatives presents "a political question that must be determined by the legislative and executive branches of government and is not justiciable."  Exhibit 3 at 4.  As Judge Bennett concluded, "[t]his Court simply does not have the authority to mandate that the State of Maryland increase the number of Representatives to the United States House of Representatives insofar as that issue is decreed by statute and under the control of the Executive Branch." *Id*. at 5-6.  *Res judicata* aside, the legal basis of this Court's decision dismissing Mr. Martin's initial case applies with equal force here.

Furthermore, as the State explained in its Motion to Dismiss Mr. Martin's first complaint, it is federal law, and not State action, that mandates the number of representatives to which each state is entitled.  State officials responsible for legislative apportionment and districting have no authority under federal law to increase the number of its representatives, but have authority only to draw congressional district lines to

accommodate the number of representatives allotted to it.  *See generally* Exhibit 2 at 3-6. The injunction Mr. Martin seeks, then, "would be simply to leave [Maryland] with no representatives in Congress, since [it] would have no power to fix a different number to be elected."  *Whelan v. Cuomo*, 415 F. Supp. 251, 253 (E.D.N.Y. 1976) (rejecting a claim nearly identical to Mr. Martin's).  Whether for failure to state a claim or for failure to join President Obama and the Department of Commerce as the indispensable parties responsible for "determining the number of representatives," Exhibit 3 at 4, Mr. Martin's complaint must be dismissed.

Finally, even if it were necessary to reach the merits of Mr. Martin's second complaint, his contention that the provisions of 2 U.S.C. § 2 limiting the size of the House of Representatives to 435 violates the U.S. Constitution is based on a plain misreading of the Constitution.  Article I, § 2, requires that the number of Representatives "shall not *exceed* one for every thirty Thousand," not that the number of representatives *shall be* one for every thirty thousand citizens, as Mr. Martin appears to believe.  The congressional apportionment of eight representatives to Maryland plainly complies with the constitutional mandate because the current enumeration of one representative for every 721,694 Maryland citizens does "not exceed one for every thirty Thousand." Although 721,694 is a larger number than 30,000, it is the *fraction* that counts, not just its denominator.  To put it another way, the eight representatives generated by the current apportionment plainly do not "exceed" the 192 that Mr. Martin rightly calculates would be necessary to meet a one per 30,000 standard and, accordingly, does not violate Article I, § 2.  *See Whelan*, 415 F. Supp. at 253; *Wendelken v. Bureau of the Census*, 582 F.

Supp. 342 (S.D.N.Y. 1983) (agreeing with *Whelan* that constitutional charge that the number of representatives not exceed one for every 30,000 citizens is not violated by apportionment based on one representative for every 467,000 citizens).

*   *   *

This Court should dismiss this case without convening a three-judge court because Mr. Martin's claims are insubstantial and without merit. Even if all properly pled allegations of fact are assumed to be true, they do not state a claim for relief that is "plausible" under the pleading standard applied in *Iqbal* or under the substantive provisions of the United States Constitution and applicable statutes. Accordingly, this single-judge Court should dismiss the complaint and remove even the potential for the pendency of this meritless claim to disrupt preparations for the upcoming primary election.

## CONCLUSION

For the reasons set forth above, the Complaint should be dismissed with prejudice. A proposed order accompanies this motion.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

/s/
_____

ADAM D. SNYDER (Bar No. 25723)
STEVEN M. SULLIVAN (Bar No. 24930)
Assistant Attorneys General
Office of the Attorney General
Civil Division
200 St. Paul Place

Baltimore, Maryland  21202
(410) 576-6326
(410) 576-6955 (fax)
asnyder@oag.state.md.us

DAN FRIEDMAN (Bar No. 24535)
KATHRYN ROWE (Bar No. 09853)
Assistant Attorneys General
104 Legislative Services Building
90 State Circle
Annapolis, Maryland 21401
(410) 946-5600 (telephone)
(410) 946-5601 (facsimile)
dfriedman@oag.state.md.us

Attorneys for Defendants the State of
Maryland and Martin O'Malley

Dated: January 12, 2012

## **EXHIBIT LIST**

Exhibit 1:         Complaint, No. 11-904 (filed April 6, 2011)

Exhibit 2:         Memorandum of Law in Support of Motion to Dismiss, No. 11-904 (filed May 5, 2011)

Exhibit 3:         Memorandum Opinion, No. 11-904 (Oct. 27, 2011)

Exhibit 4:         Order, No. 11-904 (Oct. 27, 2011)

Exhibit 5:         *Fletcher v. Lamone*, No. 11-3220, 2011 U.S. Dist. LEXIS 148004 (D. Md., Dec. 23, 2011)