IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GUY F. MARTIN JR. | : | |
| v. | : | Civil Action No. CCB-11-3443 |
| STATE OF MARYLAND, et al. | : | |

**MEMORANDUM**

    Plaintiff Guy F. Martin brings an action against the State of Maryland and Governor Martin O'Malley to seek an injunction ordering the State of Maryland to redistrict and create one federal representative for every 30,000 citizens, thereby increasing the number of Maryland representatives to the United States House of Representatives from the current 8 to 192.  The claim, filed *pro se*, is substantially similar to a separate claim Mr. Martin brought against the same defendants only seven months earlier.  That suit was dismissed with prejudice after the court found the issue to be a nonjusticiable political question. *See Martin v. Maryland*, 2011 WL 5151755 (D. Md. October 27, 2011).  Instead of appealing the decision, Mr. Martin filed this lawsuit.  The defendants have again filed a motion to dismiss and Mr. Martin has filed a brief in opposition.  No oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2011).  The defendants' motion will be granted.

    Both Mr. Martin's first and second lawsuits are attempts to vindicate his interpretation of Article I, Section 2 of the United States Constitution.  Article I, Section 2 reads: "The Number of Representatives shall not exceed one for every thirty Thousand, but each State shall have at Least

one Representative." U.S. Const. art. I, § 2, cl. 3.  The United States Congress has fixed the composition of the House of Representatives at 435 members, apportioned based on the decennial census of the population.  *See* 2 U.S.C. §§ 2, 2a, 2b.  Thus, each representative now represents in excess of 700,000 individuals.[1]  Mr. Martin contends the language of Article I, Section 2 should be interpreted to limit the maximum number of individuals each representative may represent to 30,000.  In dismissing his first claim, the district court noted that the Fourth Circuit has held that the federal courts have no power to overturn Congress's determination of the proper number of members of the House of Representatives.  *See Saunders v. Wilkins*, 153 F.2d 235, 238 (4th Cir. 1946).

The defendants argue Mr. Martin's new lawsuit should be dismissed under the doctrine of *res judicata*.  In the alternative, they suggest the court should again apply the political question doctrine or should dismiss the suit because Mr. Martin's reading of the United States Constitution is simply wrong on the merits.  Whether *res judicata* applies to the relitigation of a nonjusticiable political question is not clear.[2]  The court, however, need not rest on *res judicata* to dispose of this case.  Mr. Martin's new lawsuit presents no new facts or law that would suggest a different outcome than that reached in the order disposing of Mr. Martin's first lawsuit.  The court agrees with the reasoning and conclusion of the prior decision and therefore will dismiss Mr. Martin's new claim as a nonjusticiable political question for the same reasons cited therein.

---

[1] For a discussion of the State of Maryland's approach to applying the 2010 census figures, see *Fletcher v. Lamone*, --- F. Supp. 2d ---, 2011 WL 6740169 (D. Md. Dec. 23, 2011).

[2] Where a court dismisses an action for lack of jurisdiction, *res judicata* may not be appropriate. *See Schiff v. Kennedy*, 691 F.2d 196, 197 (4th Cir. 1982).  Under some circumstances, however, decisions based on lack on jurisdiction or nonjusticiability can properly preclude relitigation.  *See* 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4436 (2d ed. 2002) ("Dismissals for want of justiciability . . . should preclude relitigation of the very issue of justiciability actually determined, but does not preclude a second action on the same claim if the justiciability problem can be overcome.").

A finding of nonjusticiability under the political question doctrine deprives the court of subject matter jurisdiction. *Taylor v. Kellogg Brown & Root Servs., Inc.*, 658 F.3d 402, 412 (4th Cir. 2011). Thus, this court will treat defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), and the motion will be granted.

A separate order follows.

February 9, 2012                                    /s/
Date                                                Catherine C. Blake
                                                    United States District Judge